J-S67021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERM TUGGLES | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2017 |

Appeal from the Judgment of Sentence September 10, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012986-2011

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:            **FILED DECEMBER 07, 2018**

Appellant Herm Tuggles appeals from the judgment of sentence following his conviction of conspiracy to commit possession with intent to deliver (PWID).[1]  Appellant's counsel has filed a petition to withdraw and filed an ***Anders***/***Santiago***[2] brief.   We affirm and grant counsel's petition to withdraw.

The trial court summarized the relevant facts of this matter as follows:

On August 20, 2011 at approximately 9:15 p.m., Officer [James] Gruninger setup surveillance in the area of 1000 West Dakota Street.  Officer Gruninger has been a Philadelphia police officer for 13 years.  He has been a member of the Narcotics Enforcement

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(16).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Tactical Squad for six years. Based on [his] training and experience, Officer Gruninger . . . stated the area is a popular drug trafficking section of the city.

Officer Gruninger surveyed the area using 10 by 50 strength binoculars from a confidential location. He observed Appellant in the company of other men, one of whom was later identified as Troy Rodriguez. The individuals were gathered on the corner of 10th and Dakota Street. Officer Gruninger was able to observe the individuals because of the street lights illuminating 10th and Dakota Street.

From about 9:15 p.m. to 9:29 p.m., Officer Gruninger stated he observed two drug transactions between Appellant and others[,] given his knowledge and experience. During each transaction, the individuals would approach the Appellant on Dakota Street and engage in a brief conversation before handing him money. Appellant would then walk from the sidewalk to a park area, bend down near a tree, pick up a clear plastic baggie from the ground, remove a small object with a pinching motion, place the baggie on the ground and walk back to these individuals, handing an unidentified object to each of them.

Following her conversation with Appellant, a female buyer, later identified as Rhonda Tucker, was seen by Officer [Kristen] Pezdan walking southbound on 11th Street. Officer Pezdan, also on surveillance, observed Ms. Tucker stick a glass stem into her purse as she walked away. Once stopped by police, Ms. Tucker was found in possession of a crack pipe containing residue.

At approximately 9:40 p.m., the Appellant got on a bicycle and rode northbound on 10th Street. Mr. Rodriguez remained on the corner. Approximately fifteen minutes later, Mr. Rodriguez was approached by an unknown black male, on a bicycle, wearing a black shirt and white pants. The two individuals engaged in a brief conversation and the male handed Mr. Rodriguez an unknown amount of United States currency. Mr. Rodriguez walked into the park to the same tree area, picked up a clear plastic baggie off the ground, and with a pinching motion removed a small item from the baggie, placed the bag down, walked to the male and handed him a small item.

At approximately 10:00 p.m., Appellant returned to the corner on his bike. He got off the bike and Mr. Rodriguez jumped on and also rode northbound on 10th Street. Appellant remained on the corner while Mr. Rodriguez was gone. About ten minutes later,

Mr. Rodriguez returned to the corner, got off the bike, and stood with Appellant. After about four minutes, Mr. Rodriguez entered the park area, went to the same general area, picked up a clear plastic baggie and placed it in his waistband. He then walked back to the sidewalk, got on the bike and pedaled northbound. Appellant started walking northbound on foot. Officer Gruninger then instructed backup officers to stop both males.

Following instruction by Officer Gruninger, Officer [Chris Dougherty] went to the area [of] 10th and York Street to stop a black male who was identified to be a seller based on Officer Gruninger's surveillance. Officer [Dougherty] observed Appellant walking northbound on the west side of 10th and York Street. When Appellant saw Officer [Dougherty], he started to run northbound on 10th Street into a walkway, on the west side of the street of Boston Place. The Appellant proceeded westbound into a breezeway. Officer [Dougherty] exited her police vehicle, identified herself as a police officer, and with the assistance of uniform[ed] police officers, apprehended the Appellant. Recovered from the Appellant was $81 in United States currency and one black T-Mobile cell phone. All items were placed on a Philadelphia Police Department property receipt.

After receiving information from Officer Gruninger via police radio, Officer Brian Cherry stopped Troy Rodriguez on a bike on the 900 block of Cumberland Street. Two clear packets, one contained 27 heat sealed black packets containing crack cocaine, and one containing 28 heat sealed packets containing crack cocaine were recovered from Mr. Rodriguez. Also recovered was $14 United States currency. An AT&T black cell phone was also recovered and placed on a Philadelphia property receipt.

Officers returned to the park area where Appellant and Mr. Rodriguez frequented during the transactions. After surveying the area, police were unable to locate any illegal narcotics or paraphernalia.

Trial Ct. Op., 10/27/17, at 2-4.

Based upon the foregoing facts, Appellant was charged with PWID and conspiracy to commit PWID. A jury trial was held from June 14, 2012, to June 19, 2012, and resulted in a hung jury on the PWID charge and a conviction

for conspiracy to commit PWID. The trial court sentenced Appellant on September 10, 2012, to an aggravated range sentence of 2½ to 10 years of incarceration,[3] noting that it took into consideration the pre-sentence investigation report (PSI) for Appellant. N.T. Sentencing, 9/10/12, at 14. Appellant filed a motion for reconsideration on September 18, 2012.[4] Following a hearing, the trial court denied the motion for reconsideration on November 16, 2012. Appellant did not file a direct appeal.

On April 8, 2013, Appellant filed a *pro se* PCRA petition alleging, *inter alia*, that his trial counsel never filed a direct appeal as he had requested. **See** PCRA Pet., 4/8/13, at 4. New counsel was appointed, and an amended PCRA petition was filed on May 10, 2016.[5] The PCRA court granted Appellant's

---

[3] The offense gravity score of Appellant's conspiracy conviction was 7, and Appellant's prior record score was 4. The guidelines recommended a minimum sentence between 1½ to 2 years imprisonment, plus or minus 6 months for aggravating or mitigating factors.

[4] The motion for reconsideration does not appear in the certified record. According to Appellant's counsel, the motion requested reconsideration of Appellant's sentence on the basis that "the court put too much emphasis on the Appellant's prior convictions." **Anders**/**Santiago** Brief at 13.

[5] Trial counsel withdrew on November 21, 2013, and a different attorney was appointed to represent Appellant. At some point, though the record does not reveal when, this attorney ceased representing Appellant, and current counsel was appointed, who eventually filed an amended PCRA petition and has represented Appellant throughout this appeal. The record reveals a number of continuations between Appellant's filing of his *pro se* PCRA petition and the filing of the current amended PCRA petition.

amended petition and reinstated his direct appeal rights *nunc pro tunc* on May 4, 2017.

Counsel filed the instant direct appeal on May 24, 2017. The trial court entered an order requiring a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal to be filed within twenty-one days on June 21, 2017. Counsel filed a concise statement on July 13, 2017,[6] raising the following issues:

1. The sentence was excessive.

2. The [trial c]ourt erred in failing to grant the Appellant's motion for reconsideration of the sentence.

3. The [trial c]ourt erred in sending Exhibit C-6, the PARS report, back to the jury.[7]

4. Present counsel was not counsel at trial and must rely upon the record rather than memory in filing this statement.

5. Counsel does not yet have the notes of testimony for June 19, 2012 for trial, although they have been ordered.

6. Counsel requests leave to supplement this statement within 20 days of the receiving the above mentioned notes.

_____

[6] We note that the initial concise statement of errors complained of on appeal was untimely, since twenty-one days from the date of the order directing Appellant to file a concise statement fell on July 12, 2017. However, this untimely filing of the concise statement does not warrant waiver. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("[I]f there has been an untimely filing [of a concise statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

[7] Although Appellant's counsel asserted an error in sending this exhibit back to the jury, the exhibit was not sent back to the jury. **See** N.T. Trial, 6/15/12, at 30-31. Appellant's counsel has not pursued this claim on appeal.

Preliminary Statement of Matters Complained of on Appeal, 7/13/18, at 1-2 (unpaginated). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on October 27, 2017.

Thereafter, counsel filed an application for relief in this Court, requesting a remand of the matter because he did not have access to all of the notes of testimony. *See* Appl. for Remand Due to Incomplete Notes of Testimony, 2/7/18. This Court granted the application for relief, remanded to the PCRA court to provide copies of the notes of testimony to counsel, and directed Appellant to file and serve on the trial court judge a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days of the date the notes of testimony were received from the PCRA court. *See* Order, 3/5/18. Counsel filed a supplemental concise statement on April 12, 2018, raising the following issues:

1. The sentence was excessive.
2. The [c]ourt erred in failing to grant the Appellant's motion for reconsideration of sentence[.]

Suppl. Statement of Matters Complained of on Appeal, 4/12/2018, at 1 (unpaginated). The PCRA court filed a supplemental statement pursuant to Pa.R.A.P. 1925(a), which referred to its opinion of October 27, 2017.

On appeal, Appellant's counsel has filed a petition to withdraw and an *Anders*/*Santiago* brief. We note that we may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

*banc*). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. **See id.**

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); **accord Commonwealth v. Yorgy**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his rights, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See**

*Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Thus, counsel has complied with the technical requirements for withdrawal, *see Santiago*, 978 A.2d at 361, and we will independently review the record to determine if any non-frivolous issues are raised. *See Flowers*, 113 A.3d at 1250.

Counsel identifies two issues in the *Anders*/*Santiago* brief, both of which focus on the discretionary aspects of the sentence. More specifically, counsel indicates that Appellant intends to argue that the trial court abused its discretion when imposing a sentence "at the very top of the guideline [range.]" *Anders*/*Santiago* Brief at 12. Similarly, counsel asserts that Appellant would argue that the trial court erred in denying his motion for reconsideration of sentence because the sentence was excessive and "the court put too much emphasis on the Appellant's prior convictions." *Id.* at 13.

An appeal challenging the discretionary aspects of sentencing is not an appeal as of right. *Flowers*, 113 A.3d at 1252. Appellant must meet the requirements that the appeal was timely, the issues were preserved, and that his brief contains a concise statement of the reasons relied upon for allowance of appeal. *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super.

2006). An appeal challenging the discretionary aspects of a sentence must also raise a substantial question that the sentence imposed was not appropriate under the Sentencing Code. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted). Such a question "exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted).

Here, we note that although Appellant's appeal was timely and he preserved his issue in the trial court, his brief does not contain a concise statement of the reasons relied upon for allowance of appeal. However, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." *Id.* (citation omitted). Accordingly, we review whether Appellant has raised a substantial question.

"Generally, a bald excessiveness claim does not raise a substantial question." *Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015). However, where an appellant argues "that his sentence is excessive because the sentencing court relied on 'impermissible factors[,' the] claim raises a substantial question." *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) (citations omitted). Here, Appellant argues that his sentence is excessive because the court relied on an impermissible factor by

emphasizing his prior convictions. Accordingly, Appellant raises a substantial question. *See id.*

Because Appellant raises a substantial question, we address it herein. We have set forth our standard of review as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citations omitted).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[8] *See Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013).

---

[8] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

In fashioning a sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009); 42 Pa.C.S. § 9721(b). The court should reference "the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation." *Ventura*, 975 A.2d at 1135 (citation omitted). Further, this Court has held that "where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (citation omitted).

Here, the trial court noted that

[d]espite Appellant's contention, this court took all appropriate factors into consideration in determining an appropriate sentence. A thorough review of the record reveals an in-depth discussion of Appellant's prior criminal history, the particular circumstances of

---

Section 9781(d) provides:

In reviewing the record, the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

this case, and prior attempts of rehabilitation within the criminal justice system. The court based sentencing on this as well as Appellant's presentence report. There is nothing in the record to support Appellant's claim.

Trial Ct. Op., 10/27/17, at 7-8.

We agree with the trial court that it took the appropriate factors into consideration in sentencing Appellant. *See Ventura*, 975 A.2d at 1135; 42 Pa.C.S. § 9781(d). Appellant's prior criminal conduct and the efforts to rehabilitate Appellant were appropriate factors for the trial court to consider. *See Ventura*, 975 A.2d at 1135. Moreover, the court utilized Appellant's PSI to prepare to sentence Appellant. *See id.* Therefore, we discern no basis to conclude that the court's sentence was "clearly unreasonable." *See* 42 Pa.C.S. § 9781(c).

Accordingly, we agree with counsel's assessment that the issue identified for appeal was frivolous. Having independently reviewed the record, we discern no other non-frivolous issues that have been preserved for review. *See Flowers*, 113 A.3d at 1250.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/18

- 12 -